United States District Court
For the Northern District of California

1
2
3
4
5
6                          IN THE UNITED STATES DISTRICT COURT
7
8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   MCKESSON CORPORATION,                          No. C 10-02294 WHA
11                 Plaintiff,
12     v.                                           **ORDER OF DISMISSAL**
13   SCOTT ROBISON'S PRESCRIPTIONS,
     INC.,
14
15                 Defendant.
                                              /
16
17        Plaintiff filed this action alleging breach of contract.  Plaintiff is a Delaware corporation
18   with its principal place of business in California, and defendant is an Oklahoma corporation.
19   Defendant has not made an appearance, though it has been served with all filings made by
20   plaintiff.  Plaintiff moved for and the Clerk entered default.  Plaintiff now moves for default
21   judgment.  However, default judgment should not be entered where there exists no basis to exert
22   personal jurisdiction over the defendant in California.  *See King v. Russell*, 963 F.2d 1301, 1306
23   (9th Cir. 1992).
24        Plaintiff has the burden of satisfying the first two of the following requirements of specific
25   jurisdiction over the defendant: (1) defendant has availed itself purposefully of the benefits and
26   protections of the laws of California; (2) plaintiff's claims arise out of or relate to defendant's
27   forum-related activities; and (3) the Court's exercise of personal jurisdiction is reasonable.  *See*
28   *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801–02 (9th Cir. 2004).  Taking the
     facts alleged in its complaint and the documents and declarations submitted as true, plaintiff must

make a prima facie showing of personal jurisdiction. *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

The first requirement — purposeful availment — is where plaintiff falters.  At the hearing on plaintiff's motion for default judgment, further briefing was requested on the question of whether this Court has jurisdiction in this matter.  That briefing was received and reviewed, but still the only evidence we have of defendant's contacts with California is contained in one item: the promissory note that is the subject of the merits of this action.  The promissory note is one page and includes the following statements that are relevant to jurisdiction:

1.    "City & State[:] Tulsa, OK" (indicating that is where the note was executed by defendant); and

2.    "This Note shall be governed by and construed in accordance with the laws of the State of California."

Although plaintiff has submitted copies of electronic records of payments and account purchases, they do not evidence that defendant had any contact with California.  Moreover, the complaint herein does not discuss *where*, or by what method of communication, any of the alleged events at issue occurred.

The United States Supreme Court has so clearly laid out the rule of specific personal jurisdiction that applies to this case that it must be repeated here:

> If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe *the answer clearly is that it cannot*. . . . [A] "contract" is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction."  It is these factors — prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing — that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478–79 (1985) (emphasis added) (citation omitted).  Applying this controlling law here, it is clear that personal jurisdiction over the defendant does not exist.  Plaintiff relies solely on the choice-of-law provision in the promissory note.  But, under *Burger King*, "a [choice-of-law] provision standing alone [is] insufficient to confer jurisdiction."  *Id.* at 482.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    Plaintiff points out that "[a] showing that a defendant purposefully availed himself of the

2  privilege of doing business in a forum state typically consists of evidence of the defendant's

3  actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374

4  F.3d at 802.  But plaintiff does not provide such evidence.  In fact, the promissory note was

5  executed in Oklahoma, and there has been no evidence submitted that indicates where it was

6  negotiated or performed.  Plaintiff states that defendant "maintained an ongoing business

7  relationship between April 2009 and March 2010 with [plaintiff]," but *it does not submit any*

8  *evidence about the nature of this "ongoing business relationship" and whether it occurred in*

9  *California.*

10    Plaintiff argues that, in the alternative to dismissal for lack of personal jurisdiction over

11  the defendant, this order should transfer the action to Oklahoma.  This order finds, however, that

12  "[j]ustice would not [be] served by transferring [McKesson's] claims [] to a jurisdiction that [it]

13  purposefully sought to avoid through blatant forum shopping."  *King*, 963 F.2d at 1304–05

14  (citation omitted).  Given that defendant is not present to provide further facts underlying a

15  finding of jurisdiction, it cannot be said that — as required by 28 U.S.C. 1631 — "(1) a court

16  exists in which the case could have been brought originally, and (2) the interests of justice would

17  be served by the transfer."  *Clark v. Busey*, 959 F.2d 808, 812 (9th Cir. 1992).  As such, this order

18  declines to transfer the case in lieu of dismissal.

19    In light of the foregoing, this order need not undertake an analysis of whether default

20  judgment would be appropriate were the Court to have personal jurisdiction over the defendant.

21  Default is set aside and this action is **DISMISSED WITHOUT PREJUDICE**.

22

23    **IT IS SO ORDERED.**

24

25  Dated:  October 19, 2010.

26  WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

27

28